UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZAINEB RIDHA,

    Plaintiff,

v.

Case No. 10-13824

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
and BANK OF AMERICA HOME
LOANS SERVICING, L.P., f/k/a
COUNTRYWIDE HOME LOANS
SERVICING, LP,

Hon. John Corbett O'Meara

    Defendants.
_____/

**OPINION AND ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS**

Before the court is Defendants' motion to dismiss, filed October 1, 2010. Plaintiff filed a response on November 8; Defendants submitted a reply on November 12, 2010. The court did not hear oral argument.

**BACKGROUND FACTS**

This case was removed from Oakland County Circuit Court on September 24, 2010, based upon diversity jurisdiction. Plaintiff Zaineb Ridha alleges various causes of action against Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and BAC Home Loans Servicing LP ("BAC") in connection with the mortgage and foreclosure of her home in West Bloomfield, Michigan.

In 2007, Plaintiff obtained a refinance loan for the property located at 5514 S. Piccadilly Circle in West Bloomfield from Countrywide Home Loans, Inc., d/b/a America's Wholesale

Lender. As security for the loan, Plaintiff granted a mortgage to defendant MERS, solely as nominee for Countrywide. BAC is the servicer for Plaintiff's loan. Plaintiff defaulted on the loan and BAC initiated foreclosure proceedings. The property was sold at a sheriff's sale (to Fannie Mae); the redemption period expired on October 6, 2010.

Defendants contend that Plaintiff has filed this suit to stave off eviction. Plaintiff alleges the following causes of action: Count I, fraudulent misrepresentation; Count II, violation of the Mortgage Brokers, Lenders, and Servicers Licensing Act ("MBLSLA"); Count III, breach of contract; Count IV, violation of M.C.L. 600.3204 *et seq.* (foreclosure by advertisement statute); Count VII [sic], violation of 15 U.S.C. § 1639, Truth in Lending Act; Count VIII, malpractice; Count IX, quiet title; and Count X, injunctive relief. Defendants seek dismissal of Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## STANDARD OF REVIEW

A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure seeks to have the complaint dismissed based upon the plaintiff's failure to state a claim upon which relief can be granted. The court must "accept all the ... factual allegations as true and construe the complaint in the light most favorable to the Plaintiff[ ]." Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir.2009) (internal quotation marks omitted). "To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n, 176 F.3d 315, 319 (6th Cir.1999) (internal quotation marks omitted). "[E]ven though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative

level on the assumption that all the allegations in the complaint are true.'" Association of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir.2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

## LAW AND ANALYSIS

I. **Fraud**

Plaintiff contends that an unspecified "Defendant" made the following representations to Plaintiff: (1) the interest rate for the loan was 6.5%; (2) the appraisal Defendants required Plaintiff to purchase established that the value of the property exceeded the amount of the loan; (3) the interest rate and settlement charges described in the HUD statement were lawful and the best available to Plaintiff; and (4) that all terms, conditions, and circumstances contained in the underwriting materials, closing package (including mortgage and note) had been adequately and fully disclosed as required by law. Compl. at ¶ 14.

Plaintiff alleges that these representations were false because (1) the "true rate charged" was 6.599%; (2) "Defendants' appraisal neglected to account for the stagnant economy, failed to incorporate comparable sales within a reasonable radius to the Property"; (3) "Defendants failed to give required notices and disclosures that were required by law and if provided, would have enabled Plaintiff to be advised of the true details of the Loan transaction"; and (4) "the terms, conditions and circumstances of the Loan had not been adequately and fully disclosed, as required by law, but were misrepresented and withheld."

With respect to Plaintiff's claim that she was misled regarding her interest rate, she cannot maintain a claim for fraud. Indeed, the note indicates that her yearly interest rate is 6.5%, which is exactly what she alleges she was told it would be. Def.'s Ex. A. The 6.599% figure is

the annual percentage rate (APR) of Plaintiff's loan, which was disclosed to her in the Truth in Lending Disclosure Statement. Compl. at Ex. 2. The APR is different than the interest rate, in that it includes the additional costs of credit, such as fees charged by the lender. See 15 U.S.C. § 1606(a). Plaintiff's contention that the interest rate was misrepresented is based upon a misunderstanding of the difference between the interest rate and APR. Plaintiff's interest rate allegations cannot support a fraud claim.

Plaintiff also alleges that the appraisal did not reflect the true value of her property because it did not account for the "stagnant economy" or comparable sales. An appraisal is an opinion with respect to a property's value. See M.C.L. 339.2601 (appraisal defined as "an opinion, conclusion, or analysis relating to the value of real property . . . ."). Generally, an opinion does not give rise to an action for fraud. See Webb v. First of Michigan Corp., 195 Mich. App. 470, 474 ("mere expression of professional opinion" not actionable).

Plaintiff's remaining fraud allegations are not pleaded with the required particularity to survive a motion to dismiss. See Schwartz v. EDS, 913 F.2d 279, 285 (6th Cir. 1990) (under Michigan law, elements of fraud claim include a material, false representation made by the defendant, upon which the plaintiff relied to his detriment); Fed. R. Civ. P. 9(b) (fraud must be plead with particularity). She alleges that the "true details" and "terms and conditions" of the loan were not disclosed to her, but does not specify exactly how she was misled. Such conclusory allegations are insufficient to state a claim for fraud. Accordingly, the court will dismiss Plaintiff's fraud claim.

## II. **Violation of MBLSLA**

Plaintiff alleges Defendants violated the MBLSLA, M.C.L. 445.1651 *et seq.* By its

terms, however, the MBLSLA is not applicable to MERS or BAC. The statute does not apply to MERS because it is not a mortgage broker, mortgage lender, or mortgage servicer. The statute does not apply to BAC because it does not apply to a "mortgage broker, mortgage lender, or a mortgage servicer that is a subsidiary or affiliate of a depository financial institution or a subsidiary or affiliate of a holding company of a depository financial institution, if the depository financial institution maintains its main office or a branch office in this state." M.C.L. 445.1675(m). BAC is a subsidiary or affiliate of the holding company Bank of America Corporation. Bank of American Corporation is a holding company for Bank of America, N.A., which is a "depository financial institution" under the MBLSLA because it is a nationally chartered bank that maintains offices in Michigan. Accordingly, the MBLSLA does not apply to BAC.

Plaintiff does not dispute that the MBLSLA does not apply to BAC, but it contends that because the statute applied to Countrywide, it should also apply to its successor: "BOA can only receive the interest Countrywide had, and all defenses thereto." Pl.'s Br. at 5. Plaintiff does not, however, provide any authority for this proposition. Therefore, the court will dismiss Plaintiff's MBLSLA claim.

### III. Breach of Contract

Plaintiff alleges that the parties entered into a loan modification agreement and that "Plaintiff signed and returned the modification, and made all payments thereunder, [but] Defendants defaulted Plaintiff as if the modification did not exist." Pl.'s Br. at 6. Plaintiff alleges that she was not given a copy of the agreement. Defendants assert that no loan modification was offered to Plaintiff and that the modification agreement does not exist.

Without a written agreement, Plaintiff cannot sustain her breach of contract claim because it is barred by the statute of frauds. "A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation" must be in writing to be enforced under Michigan law. M.C.L. 566.132(b)(2). The court will dismiss Plaintiff's breach of contract claim.

## IV. Violation of Foreclosure by Advertisement Statute

Plaintiff alleges that Defendants violated the foreclosure by advertisement statute, M.C.L. 600.3204, *et seq.* Plaintiff contends that although Defendants informed her that "no foreclosure or sheriff sale would take place during performance of the modification agreement," Defendants foreclosed and held a sheriff's sale "without notice." Defendants attached to their motion the foreclosure notice sent by first class and certified mail to Plaintiff at 5514 South Piccadilly Circle, West Bloomfield. See Defs.' Ex. I. A notice was also posted at Plaintiff's home on March 13, 2010, and notices were published several times in the Oakland Press. Plaintiff does not specify how these notices violated M.C.L. 600.3205a. To the extent Plaintiff's claim is based upon the allegation that Defendants did not comply with alleged modification agreement, such allegations are barred by the statute of frauds, as discussed above. Plaintiff's vague allegations do not support an inference that Defendants violated M.C.L. 600.3205a; the court will dismiss this claim.

## V. Truth in Lending Act

Plaintiff's claim under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1639, is based upon the allegations that (1) Defendants provided an illegal "negatively amortizing loan"; and (2) Defendants failed to provide the required disclosures. Plaintiff's claim fails for three reasons.

First, as indicated by the mortgage note, Plaintiff received a 30-year fixed interest rate loan, not a negative amortization loan. Defs.' Ex. A.

Second, the statute of limitations for a TILA claim is one year from the violation. 15 U.S.C. § 1640(e). Plaintiff's claims relate to the origination of her loan, which occurred on February 7, 2007; Plaintiff did not bring this suit until more than three years later.

Third, the TILA does not apply to MERS or BAC here, because they did not originate the loan and therefore do not meet the definition of "creditor" under the TILA. See 15 U.S.C. § 1639(h); 15 U.S.C. § 1602(f) (creditor "is the person to whom the debt arising from the consumer credit transaction *is initially payable on the face of the evidence of indebtedness. . . .*") (emphasis added). The "creditor" in this case is Countrywide, not MERS or BAC.

For these reasons, the court will dismiss Plaintiff's TILA claim.

## VI. Malpractice

Plaintiff asserts that the appraiser committed malpractice in his appraisal of Plaintiff's property and that Defendants are liable for the acts of their agent. Plaintiff does not allege any facts suggesting that Defendants held the appraiser out as their actual or apparent agent. See Alar v. Mercy Mem. Hosp., 208 Mich. App. 518, 528 (1995) ("Apparent authority must be traceable to the principal and cannot be established only by the acts and conduct of the agent."). Plaintiff's bare and conclusory allegations are insufficient to support an agency relationship. The court will dismiss this claim.

**VII.** <u>**Quiet Title and Injunctive Relief**</u>

Plaintiff's quiet title claim is based upon the allegations that the mortgage is void as a result of Defendants' fraudulent misrepresentations and statutory violations. As discussed above, Plaintiff's fraud and other substantive claims are without merit. Accordingly, there is no remaining basis for the quiet title claim. The same is true for Plaintiff's claim for injunctive relief.

**ORDER**

IT IS HEREBY ORDERED that Defendants' motion to dismiss is GRANTED.

s/John Corbett O'Meara
United States District Judge

Date: November 23, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, November 23, 2010, using the ECF system.

s/William Barkholz
Case Manager